UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
TREMAIN L. GRAHAM,

        Plaintiff,

   -against-

JETSPEED RECORDS ENTERPRISES AND
THE PEOPLE OF THE STATE OF NEW YORK,

        Defendants.
----------------------------------------x

**MEMORANDUM AND ORDER**
06-CV-859 (DGT)

TRAGER, J.:

    Plaintiff, Tremain L. Graham, filed the instant *pro se* action on February 16, 2006. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the complaint for the reason set forth below.

### Background

    Plaintiff brings this action in connection with an alleged record deal plaintiff had with Jetspeed Records ("Jetspeed"). Plaintiff states that "Jetspeed Records Enterprises took fees, and when I was done recording, Jetspeed Records dropped me from the label for no reason and refused to release the album I payed them to release." Compl. at p. 2. Plaintiff states that in 2005, he brought suit against Jetspeed in Queens County Supreme Court under docket number 14209/05, and alleges that Queens County Supreme Court Justice Patricia Sutterfield

        allowed the defendants Jetspeed Records to default on a
        2.5 million dollar judgement [sic], and [plaintiff]

never got a chance to speak to a judge about [his] case
which should bring federal questioning about [his]
rights to a fair hearing as a citizen of the United
States. The current action was closed by Honorable
Patricia J. Sutterfield, when the defendants missed 4
scheduled hearings.

Compl. at p. 2. Plaintiff seeks five million dollars in damages and a "proper judgement [sic] in the case or [14209/05] . . .." Compl. at p. 3.

## Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## Discussion

The subject matter jurisdiction of the federal courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when

a "federal question" is presented (28 U.S.C. §1331) or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). "In our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." <u>United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meridan Square, Inc.</u> 30 F.3d 298 (2d Cir. 1994) (quoting <u>Manway Constr. Co. v. Housing Authority of City of Hartford</u>, 711 F.2d 501,503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking . . . dismissal is mandatory." <u>Id</u>.; <u>see also</u> Fed. R. Civ. P. 12 (h)(3)

Plaintiff invokes this court's federal question jurisdiction alleging a violation of copyright law. Compl. at p. 2, ¶ II. However, this court lacks subject matter jurisdiction over plaintiff's claims pursuant to <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482-86 (1983). The United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of

habeas corpus.[1] Plaintiff commenced a state court action against Jetspeed in 2005, which plaintiff states was dismissed.

The doctrine also prohibits a district court from reviewing claims that are "inextricably intertwined" with a state court's determinations. Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002). A claim is inextricably intertwined when "at a minimum, ... a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding), ... [and] the claim ... would be barred under the principles of preclusion." Id. (internal quotations and citation omitted). Here, in essence, plaintiff seeks appellate review of the state court's decision, which is an action outside this Court's jurisdiction. In any event, based on plaintiff's account of the disposition of his state court action, that action was terminated in his favor. If that account is accurate, what plaintiff seeks is not review of that action, but enforcement of the judgment in his favor - a remedy that can only be sought in state court.

---

[1] The United States Supreme Court is the only court that may review a state court's judicial decisions. 28 U.S.C. § 1257(a).

## Conclusion

Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Court's order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 23, 2006

/David G. Trager
United States District Judge